[Cite as *Clark v. Park Vista of Youngstown*, 2026-Ohio-2842.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

SHAKELA CLARK,

Plaintiff-Appellant,

v.

PARK VISTA OF YOUNGSTOWN, ET AL.,

Defendants-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 26 MA 0008**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2025 CV 2194

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

Shakela Clark, *Pro se*, Plaintiff-Appellant and

*Atty. Allison G. Knerr* and *Atty. Lauren E. Getgey*, Dinsmore & Shohl, LLP, for Defendant-Appellee.

Dated: July 23, 2026

**HANNI, J.**

{¶1} Plaintiff-Appellant, Shakela Clark (Clark), appeals from a Mahoning County Common Pleas Court judgment dismissing her complaint against Defendant-Appellee, Park Vista of Youngstown (Park Vista), asserting claims for defamation and intentional infliction of emotional distress. Because the trial court properly granted Park Vista's Civ.R. 12(B)(6) motion to dismiss, the judgment is affirmed.

{¶2} On August 19, 2025, Clark filed a pro se complaint against Park Vista and Defendant Jasmine Smith. Smith is a former employee of Park Vista. There is no indication that Clark was affiliated with Park Vista in any way. The complaint raised claims for defamation, both libel and slander, and intentional infliction of emotional distress (IIED). It alleged that on April 23, 2024, Smith and Park Vista falsely alleged that Clark had called Park Vista and harassed and threatened Smith. Clark further alleged that she was then subject to a civil protection order, which resulted in her incarceration and probation. Clark also claimed that Smith publicly taunted and harassed Clark via social media.

{¶3} Park Vista filed a Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim. First, it asserted that the defamation claim stemmed from an event that happened over a year prior to the date the complaint was filed. Thus, Park Vista argued the matter was time-barred by the one-year statute of limitations. Moreover, it asserted Clark did not allege Smith was acting within the scope of her employment on the date of the alleged incident. Therefore, Park Vista argued it could not be held liable for Smith's conduct. Park Vista asserted a one-year statute of limitations likewise barred the IIED claim. And it argued that because the IIED claim arose out of the defamation claim, it too should be dismissed for the same reasons.

{¶4} The trial court granted the motion and dismissed the complaint as to Park Vista. It based its decision on several reasons. First, the court found the claims for both defamation and IIED were barred by the one-year statute of limitations. Second, it held Park Vista could not be held liable for Smith's alleged conduct since Clark did not allege that Smith was acting to further Park Vista's business at the time the causes of action

accrued. Third, the court found Clark's defamation claim was insufficiently pled because she did not set out a third party to whom Park Vista allegedly published any identified statement about her. Fourth, it found Clark did not allege any facts in support of the allegation that Park Vista's behavior was "extreme and outrageous" as is required to bring a claim for IIED. Finally, it found Clark did not adequately allege any causal link between Park Vista's alleged conduct and her emotional distress. The court stated that the judgment was a final appealable order and there was no just reason for delay.

{¶5} Clark filed a timely notice of appeal on January 20, 2026. Still acting pro se, she asserts five assignments of error. Because her first and second assignments of error are related, we will address them together. They state:

THE TRIAL COURT VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS BY FAILING TO RULE ON PENDING MOTIONS NECESSARY TO PERFECT SERVICE.

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING PLAINTIFF A REASONABLE OPPORTUNITY TO COMPLETE SERVICE UNDER THE OHIO RULES OF CIVIL PROCEDURE.

{¶6} In her first two assignments of error, Clark argues the trial court improperly dismissed her complaint without ruling on her motions relating to service of the complaint.

{¶7} Clark filed her complaint on August 19, 2025. The docket indicates that service was unsuccessful on Smith. On October 1, 2025, Clark filed a "motion to permit service at defendant's arraignment". Clark asserted she had attempted service of the complaint by certified mail on Smith, but service was unsuccessful. Therefore, she was seeking permission to personally serve Smith at her upcoming arraignment. On October 6, 2025, Clark filed a motion for a special process server to serve Smith. It does not appear that the trial court addressed these motions relating to service on Smith.

{¶8} There is an indication on the docket that service was initially unsuccessful on Park Vista. However, service on Park Vista was eventually successful because Park Vista filed its motion to dismiss the complaint on October 10, 2025. Therefore, Clark's argument here has no bearing on the trial court's judgment dismissing her complaint against Park Vista.

{¶9}   Moreover, "when a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it." *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 469 (1998), citing State *ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 223 (1994).   Thus, we may presume the trial court overruled Clark's motions.

{¶10}  Accordingly, Clark's first and second assignments of error are without merit and are overruled.

{¶11}  Clark's third assignment of error states:

THE TRIAL COURT IMPROPERLY GRANTED DISMISSAL UNDER CIV.R. 12(B)(6).

{¶12}  Clark claims the trial court should not have dismissed her complaint.  She asserts the court should have allowed her to develop the facts as they may have allowed for a tolling of the statute of limitations.

{¶13}  The standard of review for a Civ.R. 12(B)(6) motion to dismiss requires the appellate court to independently review the complaint to determine if the dismissal was appropriate. *Ferreri v. The Plain Dealer Publishing Co*., 142 Ohio App.3d 629, 639 (8th Dist. 2001).

{¶14}  A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs*., 65 Ohio St.3d 545, 548 (1992).  In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that the plaintiff can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true, and construes all reasonable inferences in the plaintiff's favor. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994).  Importantly, the trial court may look only to the complaint to determine whether the allegations included within it are legally sufficient to state a claim.  *Hanson*, 65 Ohio St.3d at 548.

{¶15}  The statute of limitations for a defamation claim is one year.  R.C. 2305.11(A).  "[A] defamation claim accrues at the time the alleged defamatory statement is published or disseminated to a third party." *Battaglia v. Donegan*, 2024-Ohio-6022, ¶ 27 (8th Dist.), citing *Hester v. Case W. Res. Univ*., 2019-Ohio-1991, ¶ 11 (8th Dist.).

{¶16} When the substance of an IIED claim is virtually identical to a defamation claim, the statute of limitations associated with the defamation claim controls. *Weidman v. Hildebrant*, 2024-Ohio-2931, ¶ 27. "[W]here defamation is the basis for an intentional infliction of emotional distress claim, the applicable one-year statute of limitations for defamation also applies to the emotional distress claim. *Boyd v. Archdiocese of Cincinnati*, 2015-Ohio-1394, ¶ 51 (2d Dist.). "To hold otherwise would allow a plaintiff to repackage a defamation claim as a separate cause of action to avail a longer statute of limitations." *Weidman* at ¶ 27.

{¶17} In this case, Clark's IIED claim relies on the same allegations as her defamation claim. In her defamation claim, Clark alleged that defendants made false statements that she made harassing/threatening phone calls and posted false/derogatory statements on social media. (Complaint ¶ 12). As a result, Clark alleged she suffered reputational harm, wrongful legal consequences, and emotional distress. (Complaint ¶ 15). And in her IIED claim, Clark simply re-phrased her allegations asserting defendants engaged in extreme and outrageous conduct by fabricating criminal allegations and taunting Clark publicly. (Complaint ¶ 17). Again, Clark alleged she suffered emotional distress as a result. (Complaint ¶ 19).

{¶18} Because the substance of Clark's IIED claim is virtually the same as her defamation claim, the one-year statute of limitations for defamation applies to the IIED claim as well.

{¶19} Clark states in her complaint that the acts giving rise to her claim occurred on April 23, 2024. (Complaint ¶ 5). Thus, the one-year statute of limitations began to run on that date. Clark did not file her complaint until August 19, 2025, well past the expiration of the one-year statute of limitations. Thus, the trial court properly granted Park Vista's motion to dismiss on this basis.

{¶20} Additionally, in order for an employer to be liable for the actions of an employee, the employee must have committed the tort within the scope of employment. *Byrd v. Faber*, 57 Ohio St.3d 56, 58 (1991). Clark does not allege in her complaint that Smith was in any way acting within the scope of her employment with Park Vista when she allegedly defamed and harassed Clark. Thus, the trial court properly granted Park Vista's motion to dismiss on this basis as well.

{¶21} In sum, Clark can prove no set of facts warranting relief even after presuming all factual allegations in the complaint are true and construing all reasonable inferences in Clark's favor.

{¶22} Accordingly, Clark's third assignment of error is without merit and is overruled.

{¶23} Clark's fourth assignment of error states:

THE TRIAL COURT ERRED BY FAILING TO CONSIDER PLAINTIFF'S REBUTTAL, AMENDED RESPONSE, AND SUPPORTING EVIDENCE. OHIO CIV.R. 15(A) LEAVE OF COURT SHOULD BE FREELY GIVEN WHEN JUSTICE SO REQUIRES.

{¶24} Here, Clark argues the trial court failed to address or acknowledge her rebuttal and amended response, which included an affidavit, a witness list, and evidence of audio/video recordings.

{¶25} On November 7, 2025, Clark filed a "Rebuttal and Amended Response in Opposition to Defendant Park Vista's Motion to Dismiss", a "Notice of Physical Exhibit Filing (Exhibit G)", and a USB drive. Clark asserted the USB drive contains "multiple recordings and screen captures" relevant to her response in opposition to the motion to dismiss. This notice contained over 130 pages of what Clark calls a "detailed description of each file." Additionally, Clark's rebuttal makes numerous allegations not contained in her complaint ranging from a human trafficking ring, emotional trauma to her children, and anxiety to her uncle.

{¶26} The trial court correctly did not consider these items in ruling on the motion to dismiss. In reviewing a Civ.R. 12(B)(6) motion, the court must presume that all facts presented in the complaint are true but it may not consider any evidence outside of the complaint. *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.). "It is the court's responsibility either to disregard extraneous material or to convert a motion to dismiss into a motion for summary judgment when additional materials are submitted." *Keller v. Columbus*, 2003-Ohio-5599, ¶ 18. A trial court may not convert a Civ.R. 12(B)(6) motion to dismiss to a motion for summary judgment and dispose of it without giving notice to the parties of its intent to do so and fully complying with Civ.R. 12(B) and Civ.R. 56. Civ.R. 12(B); *State ex rel. Baran v. Fuerst*, 55 Ohio St.3d 94, 97 (1990).

Case No. 26 MA 0008

**{¶27}** Here, in ruling on the Civ.R. 12(B)(6) motion to dismiss, the trial court was limited in its consideration to the complaint itself and its attachments. The court did not convert the Civ.R. 12(B)(6) motion into a motion for summary judgment. Moreover, even if the court had converted the motion to one for summary judgment, the "evidence" Clark filed is not proper summary judgment evidence and the court would not have been able to consider it. *See* Civ.R. 56(C).

**{¶28}** Accordingly, Clark's fourth assignment of error is without merit and is overruled.

**{¶29}** Clark's fifth assignment of error states:

THE PROCEEDINGS WERE CONDUCTED UNDER CIRCUMSTANCES CREATING AN APPEARANCE OF BIAS AND IMPROPRIETY.

**{¶30}** In her final assignment of error, Clark argues the trial court should not have proceeded with this case. She asserts the same judge assigned to this case had recused himself from "a related criminal matter involving the same Defendant."

**{¶31}** It is unclear to whom Clark is referring to here as the "the same Defendant." Likely, she means Smith.

**{¶32}** Regardless, "[t]he Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." *Jones v. Billingham*, 105 Ohio App.3d 8, 11 (2d Dist. 1995), citing Section 5(C), Article IV, Ohio Constitution; *Adkins v. Adkins*, 43 Ohio App.3d 95 (1988). R.C. 2701.03 provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. *Id*. R.C. 2701.03(A) provides:

If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

**{¶33}** An appellate court lacks the authority to pass upon the disqualification of a

common pleas court judge or to void the judgment of a trial court on that basis. *State v. Ramos*, 88 Ohio App.3d 394, 398 (9th Dist. 1993).

{¶34} Thus, we are without the authority to determine whether the trial court judge should have recused himself in this case. If Clark thought the trial court judge should have recused himself, her remedy was to file an affidavit of disqualification with the clerk of the Ohio Supreme Court.

{¶35} Accordingly, Clark's fifth assignment of error is without merit and is overruled.

{¶36} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

Dickey, J., concurs.

Case No. 26 MA 0008

[Cite as *Clark v. Park Vista of Youngstown*, 2026-Ohio-2842.]

———————————

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**